UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IGNACIO REYNOSO,

                             Plaintiff,

                                                      DECISION AND ORDER

                                                      99-CV-6368L

                v.

W. SWEZEY, et al.,

                             Defendants.
_____

        Plaintiff, Ignacio Reynoso, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on August 24, 1999. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges a number of claims against eighteen defendants alleging various violations of his constitutional rights, all of which stem from an incident that occurred on November 22, 1996, when plaintiff alleges he was assaulted by several DOCS officers at Attica Correctional Facility ("Attica").

        On April 6, 2000, the Court issued a Decision and Order, familiarity with which is assumed, granting summary judgment in favor of defendants, on the ground that plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). On January 20, 2005, the Court of Appeals for the Second Circuit, citing two cases that it had decided in the interim, vacated this Court's entry of summary judgment and remanded for further proceedings. Specifically, the Second Circuit directed the Court to "determine whether [plaintiff's] allegations of assault, retaliation, and due process violations against the [defendants] in his disciplinary proceedings sufficed to put the [defendants] on notice and provide them an opportunity to address the complaints internally, thereby rendering his claims exhausted."

Dkt. #192 (citing *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004)). The Court of Appeals added that if this Court were to conclude that plaintiff's claims have not been exhausted, the Court must also determine whether administrative procedures were unavailable to plaintiff, whether defendants are estopped from asserting an exhaustion defense, and whether plaintiff was justified in not pursuing a grievance in accordance with the grievance procedures. *Id.* (citing *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004)).

Following the remand, defendants deposed plaintiff concerning the exhaustion issue, and then renewed their summary judgment motion, filing additional papers in support of the motion. Plaintiff has also filed additional papers in response. Having considered those submissions in light of *Johnson* and *Hemphill*, I find that plaintiff did not exhaust his administrative remedies, and that defendants are entitled to summary judgment.

**DISCUSSION**

In New York State, the administrative remedies available to an inmate consist of a three-step review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ... ." 7 N.Y.C.R.R. § 701.7 (a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. If the IGRC's decision is appealed, the inmate may appeal to the superintendent of the facility, and if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. In general, it is only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001); *Peoples v. Beldock*, 212 F.Supp.2d 141, 142 (W.D.N.Y. 2002).

In *Johnson*, however, the Second Circuit held that, under some circumstances, a prisoner might be able to satisfy the exhaustion requirement by raising his complaints through the DOCS

disciplinary appeals process rather than by filing a separate grievance. 380 F.3d at 696; *see also Giano v. Goord*, 380 F.3d 670, 676 (2d Cir. 2004). The court indicated that if the regulations concerning grievances were confusing, for example, an inmate might reasonably believe that it was proper for him to raise his claims as part of his defense in disciplinary proceedings against him. *Johnson*, 380 F.3d at 697.

The evidence in this case shows that plaintiff filed a grievance–in fact, several grievances–about the November 22 incident, and that his grievances were denied on the merits following an investigation by DOCS officials. *See* Dkt. #205 at 21. Plaintiff does not deny that he never appealed any of those grievances all the way to CORC.

Plaintiff also raised his allegations that give rise to his claims in the context of his disciplinary appeal. His appeal papers set forth in some detail plaintiff's version of the November 22 incident, describing how several officers assaulted him on that day. Dkt. #157 Ex.C.[1]

I do not believe, however, that this was sufficient to satisfy the PLRA's exhaustion requirement. There is no evidence that plaintiff was confused or misled about the proper method for raising his claims. In fact, the record shows exactly the opposite: plaintiff did file a grievance about the incident. He simply failed to appeal the denial of that grievance to CORC.

That fact distinguishes this case from *Johnson* and *Giano*. In *Johnson*, the Second Circuit remanded with directions for the district court to consider whether the "grievance regulations were sufficiently confusing so that a prisoner like Johnson [who had not filed a grievance] might reasonably have believed that he could raise his claim against Testman as part of his defense in disciplinary proceedings." 380 F.3d at 697. In *Giano*, the court held that on the facts of that case, "the plaintiff reasonably interpreted DOCS regulations to mean that his only administrative recourse was to appeal his disciplinary conviction." 380 F.3d at 676.

---

[1] Plaintiff's guilty finding was reversed on February 10, 1997, due to the hearing officer's failure to inquire why a certain witness refused to testify. Dkt. #157 Ex. D. Plaintiff was again found guilty following a second disciplinary hearing, but that finding was also reversed due to other procedural errors at the hearing. Dkt. #154 Ex. 1 at 163.

Again, no such circumstances exist here. *See Barad v. Comstock*, 03-CV-0736, 2005 WL 1579794, at *7 (W.D.N.Y. June 30, 2005) (stating that "[t]he case law since the Second Circuit decided *Giano II* and *Hemphill* has examined whether an inmate alleged the existence of special circumstances" justifying his failure to file a grievance). If anything, the record shows that plaintiff was told that his disciplinary proceedings were *not* the proper forum in which to raise his complaints about defendants. At plaintiff's disciplinary hearing, when plaintiff began making allegations about a certain correctional officer, the hearing officer told him, "This isn't a sounding board. The purpose of this hearing is not to make light of any problem you may have with the staff, okay, but *you have other avenues available* to you as to misconduct if you claim so by staff. This, this hearing isn't one of them." Dkt. #157 Ex. B at 11 (emphasis added). *See Scott v. Gardner*, No. 02 Civ. 8963, 2005 WL 984117, at *4 (S.D.N.Y. Apr. 28, 2005) (noting that plaintiff "was expressly told that disciplinary proceedings were not the proper forum to inquire into the reasons for the [allegedly retaliatory urine] tests. The ambiguities in the disciplinary proceeding regulations considered in *Johnson* and *Giano* were not present in this instance"). Thus, plaintiff should have, and apparently did, know that the grievance process was the proper forum for his claims.

With respect to the other inquiries that the Court of Appeals directed this Court to make, I find no other circumstances excusing plaintiff's failure to exhaust. There is no basis here on which to estop defendants from asserting an exhaustion defense. Although some defendants did not initially assert that defense, on September 15, 2003, the Court granted defendants' motion (which plaintiff did not oppose) for leave to amend their answers to add the affirmative defense of failure to exhaust. In so doing, the Court noted that there was "no apparent undue delay, bad faith or dilatory motive" on defendants' part. Dkt. #188 at 2.

I also find that administrative procedures were available to plaintiff, and that he was not justified in failing to pursue his grievance. Although, at the time of the incident in question, the law in the Second Circuit was that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates, *see Nussle v. Willette*, 224 F.3d 95, 100 (2d Cir.

2000), *rev'd sub nom. Porter v. Nussle*, 534 U.S. 516 (2002), the record reflects that the claims that plaintiff raised in his grievances were investigated, and that the grievances were denied on the merits. *See* Dkt. #205 at 21 (superintendent's denial of plaintiff's grievance, stating that plaintiff "ha[d] written several complaints on this [November 22, 1996] incident," that "they have been investigated," that "[t]he resulting responses remain the same," and that "[t]here is no substantiation to [plaintiff's] allegations and ample evidence to refute them"). There is no indication that plaintiff was led to believe that it was improper for him to raise these claims by way of a grievance.

There is also no justification for plaintiff's failure to appeal these grievances. At his post-remand deposition, plaintiff testified that when he received the notice that his grievance had been denied, he thought that "[t]here was nothing to do ... it was over[,]" and that "[i]t just d[id]n't come to [his] mind to continue to file an appeal." Dkt. #201 Ex. A at 33. Plaintiff admitted that he had appealed other grievances to CORC, but said that on this occasion he "ha[d] loss of concentration" and that "at that time [he] was not completely alert." *Id.* at 34. He gave no indication that this alleged "loss of concentration" or lack of alertness was in any way attributable to anything that defendants had done. He also testified that his failure to file an appeal was not due to his being "afraid of anybody" or "because anybody threatened" him. *Id.*

In short, then, plaintiff, for reasons of his own, simply chose not to appeal his grievance. There is nothing in the record to suggest that this failure was somehow justified. Plaintiff's complaint must therefore be dismissed for failure to satisfy the PLRA's exhaustion requirement. *See Boddie v. Bradley*, No. 99-CV-1016, 2006 WL 162996, at *4 (N.D.N.Y. Jan. 20, 2006) (stating that "[t]he question in this case is not, as in *Johnson*, whether Plaintiff's submissions in the disciplinary process are sufficient to exhaust the remedies under the PLRA in a substantive sense, but rather, whether Plaintiff's failure to follow the established state grievance procedure is justified," and finding that it was not justified).[2]

---

[2] Plaintiff has also filed a motion for leave to amend his complaint to add two additional
(continued...)

## CONCLUSION

Defendants' motion for summary judgment (Docket #200) is granted, and the complaint is dismissed.

Plaintiff's motion for leave to amend his complaint (Dkt. #197), and his motions for appointment of counsel (Dkt. #195 and #198) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 29, 2006.

---

[2](...continued)
defendants, and for appointment of counsel.  The motion for leave to amend is denied as futile, and the motions for appointment of counsel are denied as moot.